**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE** | : | |
| **COMPANY, INC.,** | : | **No. 1:23-cv-01221** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **CHRISTINE M. MENTZER,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court are Plaintiff Liberty Mutual Insurance Company, Inc. ("Plaintiff")'s

Request for Entry of Default Judgment, construed as a request under Federal Rule of Civil

Procedure 55(b)(1),[1] against Defendant Christine M. Mentzer ("Defendant") (Doc. No. 9), and

Plaintiff's subsequent Motion for Entry of Default Judgment against Defendant (Doc. No. 11).

As Defendant has yet to appear or defend in this action, no opposition to the motion has been

---

[1]  Under Federal Rule of Civil Procedure 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." See Fed. R. 55(b)(1).

Upon the Court's review of Plaintiff's request and accompanying affidavit (Doc. No. 9), filed on November 28, 2023, the Court issued an Order on December 4, 2023 (Doc. No. 10) indicating that it was constrained to conclude that Plaintiff had not provided sufficient evidence to demonstrate its entitlement to a sum certain, stating that:

> Plaintiff fails to explain how it calculated its claim of $182,896.37 and thus cannot be made certain by computation. Therefore, Federal Rule of Civil Procedure 55(b)(1) is not applicable to Plaintiff's request…

> To allow Plaintiff to fully brief its motion and apply to the Court for a default judgment, the Court will direct Plaintiff refile its request as a formal motion for default judgment. Plaintiff's motion shall comply in all respects with Federal Rule of Civil Procedure 55(b)(2) and the Local Rules of this Court.

(Doc. No. 10 at 2.)

filed.  For the reasons that follow, the Court will deny Plaintiff's Request for Entry of Default

Judgment (Doc. No. 9) as moot, grant Plaintiff's Motion for Entry of Default Judgment (Doc.

No. 11), and enter default judgment in favor of Plaintiff and against Defendant.

## I.    BACKGROUND

### A.    Factual Background[2]

On July 24, 2023, Plaintiff filed a complaint seeking contract damages against Defendant

pursuant to an indemnity agreement between the parties.  (Doc. No. 1.)  Plaintiff alleges that

Defendant, the elected Tax Collector for Paradise Township, applied for a commercial surety

bond from Plaintiff on December 2, 2013.  (Doc. Nos. 1 ¶¶ 5–8; 1-2 at 2–3.)  The application for

the required surety bond coverage included an indemnity agreement.  (Doc. Nos. 1 ¶¶ 8–9; 1-2 at

2–3.)  Plaintiff, as co-surety,[3] issued a commercial surety bond (Bond No. 57 S 103748501BCM

46) on behalf of Defendant in January 2014 for Defendant's four-year term (January 6, 2014 to

December 31, 2017) as Tax Collector.  (Doc. No. 1-3 at 2.)  On December 22, 2017,[4] Defendant

completed another application, which again included an indemnity agreement, for a commercial

surety bond for her next four-year term as Tax Collector.  (Doc. Nos. 1 ¶¶ 11–13; 1-4 at 2–3.)

Plaintiff, again as co-surety, issued a commercial surety bond (Bond No. 106860029) on behalf

---

[2]  The following relevant facts of record are taken from Plaintiff's complaint and attached
exhibits (Doc. Nos. 1, 1-1 through 1-6), Plaintiff's motion for default judgment and attached
exhibits (Doc. Nos. 11, 11-1 through 11-8), and Plaintiff's brief in support of its motion for
default judgment (Doc. No. 12).

[3]  Plaintiff, as a co-surety with Travelers Casualty and Surety Company of America
("Travelers"), bonded Defendant in Defendant's capacity as a public official.  (Doc. Nos. 1-3 at
2; 12 at 1.)  Travelers was the lead surety and Plaintiff was the participating surety—each
responsible for fifty percent of the exposure.  (Doc. No. 12 at 2.)

[4]  The application is dated in the top left corner as December 22, 2017 and is filled out for the
effective date of January 1, 2018.  (Doc. No. 1-4 at 2.)  Defendant's signature is not dated.  (Id.
at 3.)

of Defendant for Defendant's four-year term (January 1, 2018 to December 31, 2021) as Tax

Collector.[5]  (Doc. No. 1-5 at 2.)  Defendant served as elected Tax Collector from April 9, 2007

through February 12, 2018, and was employed by Paradise Township as secretary from March 3,

2014 through April 21, 2020.  (Doc. No. 11 ¶ 2.)  Defendant was succeeded as Tax Collector by

her daughter, Brittany Bathurst, who was appointed to complete the balance of Defendant's term.

(Doc. Nos. 11 ¶ 3; 11-1 ¶¶ 7–8.)  Bathurst resigned from the position on May 1, 2020.  (Doc.

Nos. 11 ¶ 3; 11-1 ¶ 8.)

    In spring 2020, Paradise Township initiated a formal investigation into Defendant's

performance and discharge of her official duties, utilizing Paradise Township's outside counsel,

CGA Law Firm, P.C., and RKL LLP ("RKL"), an accounting firm.[6]  (Doc. Nos. 1 ¶ 16; 11 ¶ 4;

11-3; 12 at 1.)  On February 18, 2021, RKL issued its forensic investigation report wherein RKL

found that there was a high likelihood that assets within the control of Defendant were

misappropriated.  (Doc. No. 11-3 at 5.)  RKL's audit concludes that Defendant deposited tax

checks intended for Paradise Township into an account she shared with her husband and into her

own personal account, instead of the official Paradise Valley Tax Collector account.  (Doc. Nos.

11 ¶¶ 5–6; 11-1 ¶¶ 11–12; 11-2.)  In the report, RKL states that the total potential losses for the

bonded period was $359,576.29.  (Doc. No. 11-2 at 8.)  On April 7, 2021, Defendant was

---

[5]  Bond No. 106860029 states that it is for the term beginning January 1, 2018 and ending
December 31, 2021.  (Doc. No. 1-5 at 2.)   The attached co-surety rider states that the effective
date is January 1, 2018.  (Id. at 6.)  However, the date of signature for the bond is January 23,
2017.  (Id. at 3.)  The Court assumes that the date of signature is an error based on the term of the
bond, and the intended date was January 23, 2018.

[6]  According to RKL's forensic investigation report (Doc. No. 11-2), RKL's engagement letter
with Paradise Township is dated May 5, 2020.

criminally charged with Forgery in the Court of Common Pleas in York County, Pennsylvania.[7]
(Doc. No. 1 ¶ 17.)

Paradise Township presented a claim for losses sustained and costs incurred to Plaintiff and Travelers due to the actions of Defendant for a total of $423,096.93—$359,576.29 for losses and $63,520.64 for audit and legal expenses.  (Doc. Nos. 1 ¶ 18; 12 at 2.)  As a result, Travelers and Plaintiff each sustained losses of $211,548.47.[8]  (Doc. No. 12 at 2.)  Travelers thereafter determined that Defendant was responsible for 71.4% of the losses and allocated those amounts to the time period covered by the applicable bonds.  (Id.)  Accordingly, Plaintiff now seeks 71.4% of its share of the underlying loss of $179,788.14,[9] which is $128,368.73.  (Id. ¶ 12.)  On

---

[7]  See Commonwealth v. Christine M. Mentzer, No. CP-67-CR-0001540-2021 (York Cnty. Ct. Com. Pl. filed Apr. 7, 2021).  On March 7, 2022, Defendant pleaded guilty and was sentenced to five (5) years of probation, costs, and restitution.  See id.  A civil judgment was entered against Defendant in favor of the Commonwealth of Pennsylvania for $474,398.25.  (Doc. No. 1 ¶ 21.)

[8]  As noted supra, each surety was responsible for fifty percent of the exposure.  (Doc. No. 12 at 2.)  Plaintiff explains the calculation of losses as follows:

> [a]pplying that allocation to the principal losses of $359,576.29, the value of the defalcation of funds when Defendant was the bonded principal was $256,737.47. As co-surety, Plaintiff's 50% share of that amount is $128.368.73.  The Obligee [Paradise Township] incurred expenses comprised of accounting fees of $43,755 and legal fees of $19,764.64, for a total of $63,520.64.  Plaintiff's 50% share is $31,760.32.

(Id. at 2–3.)  Therefore, Travelers and Plaintiff each paid $211,548.471 comprised of:

> a. Losses: $179,788.14
> b. Attorney/Audit fees: $31,760.32

(Doc. No. 11 ¶ 10.)

[9]  "Plaintiff issued payment of its share to Obligee Paradise Township via a single release.  While the investigation and the transaction detail [sic] demonstrate minimal involvement of Bathurst, Plaintiff will accept the allocation of 71.4% of the principal losses as the responsibility of Defendant."  (Doc. No. 12 at 3.)

August 25, 2021, Paradise Township entered into a Release and Assignment of Claim, wherein Paradise Township released all of its claims against Plaintiff and assigned its rights against Defendant in exchange for payment of $211,578.47.  (Doc. Nos. 1 ¶ 19; 1-6 at 2; 11-5.)  The payment was "on account of loss resulting from, or growing out of a default or occurrence of, an event, as follows: Failure of Principal(s), [Defendant] and/or Brittany Bathurst to accurately maintain financial records."  (Doc. No. 1-6 at 2.)

      **B.**      **Procedural Background**

      A review of the docket in this matter reveals that Defendant was served with Plaintiff's complaint on September 18, 2023, establishing a deadline for Defendant to file an answer to the complaint by October 10, 2023.  (Doc. No. 6.)  Because Defendant failed to respond to the complaint or otherwise defend this action, Plaintiff moved for an entry of default on November 27, 2023.  (Doc. No. 7.)  The Clerk of Court entered default on November 28, 2023.  (Doc. No. 8.)  Thereafter, Plaintiff filed a "Request for Entry of Default Judgment" with an affidavit from counsel, requesting a sum of $182,896.37.  (Doc. No. 9.)   As stated in note 1 supra, the Court construed this as a request that the Clerk of Court enter default judgment under Federal Rule of Civil Procedure 55(b)(1).[10]  Because the Court was constrained to conclude that Plaintiff had not provided sufficient evidence to demonstrate its entitlement to a sum certain, the Court, in an Order dated December 4, 2023, concluded that Federal Rule of Civil Procedure 55(b)(1) was not

---

[10]   Under Federal Rule of Civil Procedure 55(b)(1):

      [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

See Fed. R. Civ. P. 55(b)(1).

applicable to Plaintiff's request.  (Doc. No. 10 at 2.)  The Court instead construed Plaintiff's

request (Doc. No. 9) as a motion for default judgment and directed Plaintiff to refile its request

as a formal motion for default judgment for this Court's consideration.  (Id.)

On December 15, 2023, Plaintiff refiled its motion for entry of default judgment with an

accompanying brief and exhibits,[11] requesting a sum of $170,270.50.[12]  (Doc. Nos. 11; 12 at 3.)

This sum includes attorney's fees.  (Id.)  Because Plaintiff refiled its motion, the Court will deny

Plaintiff's initial motion (Doc. No. 9) as moot.  In its refiled motion for entry of default judgment

(Doc. No. 11), Plaintiff provides the breakdown of the sum requested as default judgment as

follows:

    a.    $128,368.73 (71.4% of the underlying loss of $179[,]788.14);

    b.    $31,760.32 (100% of Plaintiff's share of the fees and expenses paid
         to Paradise Twp.)

    c.    $10,141.45 (fees incurred in this matter)

    Total:  $170,270.50

(Doc. No. 11 ¶ 13.)  Plaintiff provides a certificate of service stating that Defendant was

served by United States Mail on December 15, 2023.  (Id. at 5.)  As Defendant has not yet

---

[11]   Plaintiff provides the following relevant exhibits and declarations: Paradise Township's
Complaint against Defendant in York County, Pennsylvania (Doc. No. 11-1); RKL's forensic
investigation of Defendant's misappropriation of Paradise Township funds (Doc. No. 11-2);
RKL's invoices for forensic investigative work billed to Paradise Township, totaling $43,755.00
(Doc. No. 11-3); CGA Law Firm, P.C.'s Matter Ledger Report of fees and expenses for client
Paradise Township, totaling $19,765.64 ($19,300.00 in fees and $465.64 in expenses) (Doc. No.
11-4); Releases by Paradise Township's Board of Supervisors for payment, totaling $211,548.47
(Doc. No. 11-5); Declaration by Jack M. Hartman, Esquire, attorney of CGA Law Firm, P.C.
(Doc. No. 11-6); and Declaration of W. Alan Torrance, Jr., Esquire, attorney of record in this
case (Doc. No. 11-7).

[12]  Plaintiff mistakenly states that the amount is for $170,436.00 (Doc. No. 11 ¶ 13), but refers to
the amount of $170,270.50 throughout its filings.  See (Doc. Nos. 11 at 4; 12 at 3, 5).  The Court
acknowledges $170,270.50 as the proper calculation.

responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment (Doc. No. 11) unopposed.  Accordingly, the motion is ripe for disposition.

## II.   LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure.  An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b).  See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. Apr. 2023 update) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").  Entry of default does not entitle a claimant to default judgment as a matter of right.  See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender 3d ed. 2010).  Once the Clerk of Court has entered a default, a party may then move the court to enter a default judgment under Rule 55(b)(2).  It is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court.  See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  "A finding that default judgment is appropriate, however, is not the end of the inquiry."  Martin v. Nat'l Check Recovery Servs., LLC, No. 12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016).  Prior to entering a default judgment, the Court must also determine

whether the "unchallenged facts constitute a legitimate cause of action." See 10A Wright &

Miller, Federal Practice and Procedure § 2688; see also Broad. Music, Inc. v. Spring Mount Area

Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that "before granting a

default judgment, the Court must  . . . ascertain whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit mere conclusions of law").  In

conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted

as true and treated as though they were established by proof."  See E. Elec. Corp. of N.J. v.

Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted).  While the

Court must accept as true the well-pleaded factual allegations of the complaint, the Court need

not accept the moving party's factual allegations or legal conclusions relating to damages.  See

Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Damages must be determined

by the district court if they are not for a "sum certain or a sum that can be made certain by

computation."  See id. (quoting Fed. R. Civ. P. 55(b)).

## III.    DISCUSSION

Having reviewed the record, including Plaintiff's complaint, exhibits, and accompanying

declarations, and the motion for default judgment pursuant to the three-factor standard

articulated in Chamberlain, the Court will grant Plaintiff's motion for default judgment (Doc.

No. 11) against Defendant.

The Court finds that the three Chamberlain factors weigh in favor of entering default

judgment against Defendant.  First, Plaintiff will be prejudiced if the Court declines to enter

default judgment, as Plaintiff is unable to proceed with the action due to Defendant's failure to

respond and has no other means of recovering against Defendant.  See Broad. Music, Inc. v.

Kujo Long, LLC, No. 14-cv-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014)

("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend."). Second, Defendant has not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-cv-01524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011) (where this Court found in favor of the plaintiff when the "[d]efendants have not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment"). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for her failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10-cv-04487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff.

It is also clear that the unchallenged facts in Plaintiff's complaint establish a legitimate cause of action against Defendant because those facts, accepted as true, establish that Plaintiff and Defendant entered into two indemnity agreements wherein Defendant agreed to indemnify Plaintiff for losses experienced as a result of Defendant's conduct. Thus, because Defendant's

failure to defend this case justifies the entry of default judgment and the unchallenged facts in Plaintiff's complaint establish a legitimate cause of action against Defendant, the Court will grant the motion for default judgment.

Because the Court will grant the motion for default judgment, the Court must then determine damages. As noted supra, damages must be determined by the district court if they are not for "a sum certain or a sum that can be made certain by computation." See PPG Indus., 47 F.4th at 161 (quoting Fed. R. Civ. P. 55(b)). Here, Plaintiff offers support for the breakdown of the following sum:

a. $128,368.73 (71.4% of the underlying loss of $179[,]788.14);

b. $31,760.32 (100% of Plaintiff's share of the fees and expenses paid to Paradise Twp.)

c. $10,141.45 (fees incurred in this matter)

Total: $170,270.50

(Doc. No. 11 ¶ 13.)

For the first two amounts, Plaintiff has provided its claim of a sum certain within the relevant documents accompanying its complaint and motion for default judgment. See (Doc. Nos. 1, 11, 12); see also United States v. Sourbeer, No. 16-cv-01161, 2016 WL 5373641, at *2 (M.D. Pa. Sept. 26, 2016) (finding that an amount is a sum certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default"). As discussed supra, the amount of $128,368.73 is 71.4% of the underlying loss of $179,788.14 experienced by Plaintiff as a co-surety. Plaintiff provides the declaration of Jack M. Hartman, Esquire, an attorney from CGA Law Firm, P.C., attesting to the firm's fees (a total of $19,765.64) related to its investigation of Defendant's misconduct. (Doc. No. 11-6.) RKL's invoices detail a total cost of $43,755. (Doc. No. 11-3.) The total fees and expenses incurred by Paradise Township is

$63,520.64, and Plaintiff paid for half of this amount ($31,760.32).[13]   Therefore, Plaintiff has

demonstrated that its claim of $160,129.05 is a sum certain.

Plaintiff also seeks recovery of attorney's fees and costs incurred through prosecuting this

matter—a sum that requires more analysis.  "Under Pennsylvania law, what constitutes a

reasonable amount of fees and expenses is subject to the court's equitable control."  Nationwide

Energy Corp. v. Kleiser, No. 84-cv-03517, 1987 WL 10655, at *3 (E.D. Pa. May 7, 1987).  In

determining the reasonableness of fees and expenses claimed, Pennsylvania courts generally

consider:

> the amount and character of the services rendered; the labor, time and trouble
> involved; the character and importance of the litigation; the amount of money or
> value of property affected; the professional skill and experience called for; the
> standing of the attorney in his profession; and the pecuniary benefit derived from
> the success.

See Republic First Bank v. 240/242 Franklin Ave LLC, No. 13-cv-00375, 2013 WL 664401, at

*1 n.1 (E.D. Pa. Feb. 25, 2013) (citing Nationwide Energy Corp., 1987 WL 10655, at *3).

Additionally, there are two identical indemnity agreements in this case that permit the

recovery of attorney's fees.  See (Doc. Nos. 1-2 at 3; 1-4 at 3).  "Indemnity agreements are

interpreted in accordance with general principles of contract law."  IFC Interconsult, AG v.

Safeguard Int'l Partners, LLC, 438 F.3d 298, 317 (3d Cir. 2006).  "A surety is entitled to stand

upon the letter of the contract" when there is an express contract of indemnity.  See U.S. Fidelity

& Guar. Co. v. Feibus, 15 F.Supp.2d 579, 583 (M.D. Pa. 1998) (citing Bristol Steel & Iron

Works, 722 F.2d at 1163 (4th Cir. 1983) (applying Pennsylvania law)).  The plain language of

each indemnity agreement provides:

> Indemnitors will at all times indemnify and exonerate Company from and against
> any and all loss, cost and expense of whatever kind which it may incur or sustain

---

[13]  Plaintiff and Travelers each paid for half of the fees and expenses incurred by Paradise
Township.  See supra at n.8.

> as a result of or in connection with the furnishing of the Bond and/or the
> enforcement of this Agreement, including unpaid premiums, interest, court costs
> and counsel fees, and any expense incurred or sustained by reason of making any
> investigation.

See (Doc. Nos. 1-2 at 3; 1-4 at 3).  Plaintiff's counsel has provided a declaration detailing the

attorney's fees of $10,141.45 incurred in this matter "to investigate facts, draft and serve the

Complaint, seek default and default judgment. . . ."  (Doc. No. 11-7 at 3.)

Upon consideration of the relevant factors[14] and the plain language of the indemnity

agreements, the Court finds that Plaintiff's requested attorney's fees are reasonable and Plaintiff

is therefore entitled to attorney's fees in the amount of $10,141.45.   Because Plaintiff has shown

that the claim for $160,129.05 is a sum certain and because the Court finds that Plaintiff's

requested attorney's fees in the amount of $10,141.45 are reasonable, Plaintiff is entitled to the

entry of default judgment against Defendant in the sum of $170,270.50.

## IV.    CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's Request for Entry of Default

Judgment (Doc. No. 9) as moot.  The Court will grant Plaintiff's Motion for Entry of Default

Judgment (Doc. No. 11) and enter default judgment in favor of Plaintiff and against Defendant.

An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[14]  See Republic First Bank, 2013 WL 664401, at *1 n.1 (citing Nationwide Energy Corp., 1987 WL 10655, at *3).